UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark Rossignol

    v.                                   Civil No. 09-cv-110-JD

Liberty Mutual Assurance
Company of Boston


O R D E R

    Mark Rossignol brought an action under the Employee Retirement Income Security Act ["ERISA"] to recover benefits from a long-term disability policy issued by Liberty Mutual Assurance Company and provided by his former employer.  See 29 U.S.C. § 1132(a)(1)(B).  He moves to modify the administrative record to include certain new medical records.  Liberty Mutual objects to the motion.

    "ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator."  Denmark v. Liberty Life Assurance, --- F.3d ---, 2009 WL 1219438, at *8 (1st Cir. May 6, 2009).  Judicial review of a plan administrator's decision presumes that the record for review is what was available to the administrator when the decision was made.  Lopes v. Metropolitan Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003).  Therefore, "some very good reason is needed to overcome the presumption that the record on review is limited to the record

before the administrator." Morales-Alejandro v. Med. Card Sys., Inc., 486 F.3d 693, 698 (1st Cir. 2007) (internal quotation marks omitted).

In his motion, Rossignol states that he recently underwent a surgical procedure, "an L4-S1 transforaminal lumbar interbody fusion." He states that the procedure was referenced in his "previous appeal letter" and that it was "recommended by Dr. Woodard." He also states that "the aforementioned medical records are pertinent to this case" and were not included in the administrative record. As Liberty Mutual points out, however, Rossignol does not provide any reason, other than the conclusory statement that the new records are pertinent to his case, to overcome the presumption that review is limited to the administrative record.

Because Rossignol failed to provide the "good reason" that is necessary to overcome the presumption against supplementing the administrative record, his motion is not properly supported.

Conclusion

For the foregoing reasons, the plaintiff's motion to modify the administrative record (document no. 7) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 16, 2009

cc:  Nancy L. Hall, Esquire
     William D. Pandolph, Esquire